IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BYRD, # S09454, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00474-GPM |
| ) | |
| JAMES HACKETT, ) | |
| SCOTT TURNER, and ) | |
| JOHN FISHER, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Thomas Byrd, having pleaded guilty and been convicted of home invasion and aggravated kidnapping is serving a 24-year sentence. He is an inmate in the custody of the Illinois Department of Corrections, housed at Pickneyville Correctional Center. Mr. Byrd brings this action for deprivations of his constitutional rights pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. (*See* Doc. 1, p. 1). He is suing James Hackett, Associate Judge, Third Judicial Circuit, Madison County, Illinois; Madison County Assistant Public Defender Scott Turner; and Madison County Assistant State's Attorney John Fisher—all of whom were involved in Byrd's criminal prosecution.

The complaint presents the following allegations. Assistant Public Defender Turner provided ineffective assistance of counsel when he did not adequately investigate Mr. Byrd's case and advised him to plead guilty. Assistant States Attorney John Fisher lied to secure the conviction by proffering that the victim, Melissa Hernandez (Mr. Byrd's wife), would testify and supply incriminating statements against Mr. Byrd. According to Mr. Byrd, he now possesses an

email indicating that Ms. Hernandez would not have testified in the manner Assistant State's Attorney Fisher indicated; rather, she would exonerate him. Judge Hackett would not permit Mr. Byrd to withdraw his guilty plea or call Ms. Hernandez as a witness. Thus, Mr. Byrd contends he was denied due process. Plaintiff seeks $8 million for each year he has been wrongfully imprisoned.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## Discussion

As a preliminary matter, the Court observes that Mr. Byrd has checked the box on the complaint form indicating he is bringing suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. None of the defendants are federal officials; they are all agents of the State of Illinois. Thus, all FTCA claims must be **DISMISSED with prejudice**.

Because Mr. Byrd is proceeding *pro se*, the Court will also construe the complaint as asserting claims under 42 U.S.C. § 1983, which provides jurisdiction for constitutional claims against state agents. However, a Section 1983 claim cannot stand where a judgment in favor of the plaintiff necessarily would imply the invalidity of the prisoner's conviction or sentence, except if the prisoner can demonstrate that the conviction or sentence has been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994); *Miller v. Indiana Dep't of Corr.,* 75 F.3d 330, 331 (7th Cir.1996). A finding in Mr. Byrd's favor in this case would undermine his criminal convictions. In fact, Mr. Byrd contends that, but for the defendants' actions, he would have been exonerated. Therefore, any Section 1983 action is premature and must be **DISMISSED without prejudice**. The merits of those claims will not be analyzed further.

**Pending Motions**

Mr. Byrd's pending motion for recruitment of counsel (Doc. 4) and motion for service of process at government expense (Doc. 5) are both **DENIED**.

**Disposition**

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff Byrd's claims under the Federal Tort Claims Act are **DISMISSED with prejudice**; Plaintiff's civil rights claims under 42 U.S.C. § 1983 are **DISMISSED** without prejudice. Consequently, this action and all Defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 4), and his motion for service of process at government expense (Doc. 5), are both **DENIED**.

The Clerk of Court is **DIRECTED** to administratively close this case.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  However, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  By separate Order, the Court has already directed the Department of Correction's to withdraw periodic partial payments from Byrd's prison trust fund account (Doc. 7).

**IT IS SO ORDERED.**

**DATED:** June 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge